AGNES BOYD *vs.* BANGOR RAILWAY AND ELECTRIC COMPANY.

Penobscot.   Opinion December 23, 1913.

*Collision.   Conflicting Testimony.   Damages.   Miscarriage.   Negligence.
Personal Injuries.*

This is an action on the case to recover damages for personal injuries occasioned by a collision of the defendant's electric cars, due to the negligence of the defendant company.

*Held:*

1. When the evidence is conflicting and the question of liability and damages is one peculiarly within the province of the jury, and the evidence does not convince the court that the jury were clearly wrong a motion for a new trial will be overruled.

2. From the testimony of all the witnesses having knowledge of the facts, it clearly appears that the plaintiff's suffering was intense at times and for a long period her suffering was severe.

3. The court will not disturb a verdict upon the ground of excessive damages unless it very clearly appears to be excessive upon any view of the facts which the jury are authorized to adopt.

4. The jury saw the parties and could best judge what damages would fit the case, and the court cannot discover that they were actuated by prejudice or other improper motive.

On motion for new trial by defendant.   Motion overruled.

This is an action on the case to recover damages for personal injuries sustained by the plaintiff on account of the alleged negligence of the defendant company.  On the 22d day of September, 1911, an electric car of the defendant company, in which the plaintiff was a passenger, collided with another car of the defendant company, on Main Street in Bangor.  By this collision the plaintiff sustained the injuries complained of.  The plea is the general issue. The jury returned a verdict for the plaintiff for $2071.00 and the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Bartlett Brooks,* for plaintiff.

*E. C. Ryder,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

HANSON, J.  This is an action on the case to recover damages
for personal injuries sustained while a passenger on one of the
defendant's cars.  The plaintiff obtained a verdict for two thousand
and seventy-one dollars, and the defendant has filed a motion for a
new trial on the ground that the verdict is against law and the
weight of evidence, and because the damages are excessive.

On September 23, 1911, the plaintiff entered the defendant's car
at Hampden, and paid her fare to Bangor, her destination.  She
was riding in the fourth seat from the front end of the car, and her
husband and one John Gilpatrick occupied the seat with her.  While
proceeding along Main Street in Bangor, and near the opera house,
the car in which the plaintiff was riding collided with a car in front
which had stopped to allow a passenger to alight.  The collision was
of sufficient force to break the windows of the first car, and destroy
the glass in the headlight of the forward car.  The plaintiff claims
that she was thrown violently forward, striking her right knee and
body against the seat in front of her, that her knee was seriously
injured, and that she received other injuries resulting in a miscar-
riage.  The extent of the injury claimed was testified to by many
expert witnesses on each side, and the jury apparently had the
benefit of all the scientific information available.  It is conceded that
the collision occurred, and that the plaintiff's right knee was injured.
The defendant claims, however, that the collision was slight, that
the injury was not serious, and "it was impossible for the plaintiff
to have been injured as she stated for the reason that she could not
have struck her stomach and knee against the seat in front of her
at the same time," and insists that the damages are excessive even
if the jury found miscarriage was the result of the accident.

The defendant claimed in addition that any damage arising by
reason of miscarriage was due to the act of the plaintiff in taking
medicines to produce a miscarriage, and called Mrs. Alice L.
Trimble, whose testimony covers many pages of the record, in sup-
port of this contention.  Mrs. Trimble was housekeeper for the
plaintiff while the latter was following her occupation as nurse, and
at the time of the accident was so employed.  She saw the plaintiff

on her return home on Tuesday following the accident, and says "she was walking lame, and I asked her what ailed her, and she told me she got hurt," and told her how she was injured, and that the following Saturday she saw her taking medicine and "asked her what it was for," and she was told in effect that the medicine was intended to produce a miscarriage; that again on the same day she saw her prepare other medicine, which plaintiff admitted she had taken later on the same day for the same purpose. According to the testimony of this witness, plaintiff's "sister was in the house when she took it, and she went out and must have told some of the children of the neighborhood about it. I heard of it and come home and told Mrs. Boyd, and she sent her sister up stairs to get the bag of pennyroyal, and made her throw it in the fire, and threatened to put her in the asylum if she ever told about it. Q. Did you see her burn the pennyroyal? A. I did. Q. Went up stairs and got it? A. Yes, sir."

The testimony of this witness was denied by the plaintiff, who explained in detail conversations with the witness as to the medicines being used for other purpose than that claimed by the witness, and by the plaintiff's sister who denied as completely the statements relating to her presence and acts. The plaintiff also introduced expert medical testimony as to the use and effect of the medicines and preparations claimed to have been used by the plaintiff.

The issues in the case were presented to the jury under proper instructions. The testimony was conflicting. The defendant placed much reliance on the testimony of Mrs. Trimble. She was pitted against the plaintiff upon a vital question in the case. The jury saw and heard them, and judged between them.

After carefully examining and comparing the testimony, we cannot say that the verdict is so manifestly wrong as to be set aside as against the evidence. When the evidence is conflicting and the question of liability and damages is one that is peculiarly within the province of the jury, and the evidence does not convince the court that the jury were clearly wrong, a motion for a new trial will be overruled.

*Stone* v. *Street Railway,* 99 Maine, 243; *Guptill* v. *Insurance Co.,* 109 Maine, 323; *Hubbard* v. *M. H. & E. Company,* 105 Maine, 384.

A verdict on a properly submitted issue should not be lightly set aside. *Sanford* v. *Kimball,* 106 Maine, 355.

While the burden was on the plaintiff to satisfy the jury of the defendant's liability, yet after verdict for the plaintiff the burden is on the defendant to make it clearly appear that the verdict is wrong. *Coombs* v. *King,* 107 Maine, 376.

The damages are large, but we cannot say that they are so excessive as to require us to disturb the verdict. From the testimony of all the witnesses having knowledge of the facts, including that of Mrs. Trimble, it clearly appears that the plaintiff's suffering was intense at times, and for a long period her suffering was severe. This was an element of damage considered by the jury under proper instruction, and was properly left to the judgment of the jury who saw and heard the witnesses, and they were in better position to determine the facts than the court can be. The court will not disturb a verdict upon the ground of excessive damages unless it very clearly appears to be excessive upon any view of the facts which the jury are authorized to adopt. *Donnelly* v. *Granite Co.,* 90 Maine, 110.

"The court cannot say that the verdict is either against the evidence or too large. The jury saw the parties and could best judge what damages would fit the case, and the court cannot discover that they were actuated by prejudice or other improper motive."

*Sanborn* v. *Fickett,* 91 Maine, 364; *Guptill* v. *Ins. Co.,* 109 Maine, 323.

The entry will be,

*Motion overruled.*